## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| BRIAN COCKRELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 15-cv-1279 |
| | ) |
| J. KRUEGER, Warden | ) |
| | ) |
| Respondent. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner Brian Cockrell's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Doc. 1). For the reasons stated below, the Petition is dismissed.

### BACKGROUND AND PROCEDURAL HISTORY

On August 18, 2005 in the Northern District of Illinois, Petitioner pleaded guilty to knowingly and intentionally possessing with intent to distribute 5.7 grams of a mixture containing cocaine base in violation of 21 U.S.C. § 841(a)(1). Petitioner's plea was entered pursuant to an agreement with the United States that was governed in part by Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (Doc. 25-2, *United States v. Cockrell,* No. 05-cr-00236). In it, the parties agreed that under the then-operable Sentencing Guidelines, "[b]ased on the facts currently known to the government, the defendant's criminal history points equal 12 and the defendant's criminal history category is V." (*Id.* at 5). However, the parties also agreed that Petitioner was a career offender pursuant to Guideline § 4B1.1(b), which elevated his criminal history category to VI. (*Id.*). In paragraph 16

of the agreement, the parties agreed "that the sentence imposed by the Court shall include a term of imprisonment in the custody of the Bureau of Prisons for a period of 15 years," and pursuant to Federal Rule of Criminal Procedure 11, the agreement would be null and void if the Court refused to impose the agreed-upon term of imprisonment. (*Id.* at 9-10). On October 20, 2005, Judge Kennelly sentenced Petitioner to 180 months of imprisonment. (Judgment, *United States v. Cockrell*, No. 05-cr-00236 (N.D. Ill. Oct. 20, 2005). Petitioner is currently serving this sentence at the Federal Correctional Institution in Pekin, Illinois. (Doc. 1 at 2).

In 2013, Petitioner brought a petition pursuant to 28 U.S.C. § 2255. In that petition, he argued that his career offender enhancement was not appropriate in light of the Supreme Court's holding in *Descamps v. United States*, 133 S. Ct. 2276 (2013). *See United States v. Cockrell*, No. 13 C 7081, 2014 WL 2109326 (N.D. Ill. May 20, 2014). The district court concluded that the § 2255 petition was not cognizable. *Id.* at *2.

Petitioner now seeks relief pursuant to 28 U.S.C. § 2241, and argues that he must be resentenced in the aftermath of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* addressed the constitutionality of one clause of the Armed Career Criminal Act ("the ACCA"). Under the ACCA, "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony.'" *Id.* at 2555. The statute defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year . . . that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion,

involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The last clause of § 924(e)(2)(B)(ii) – "or otherwise involves conduct that presents a serious potential risk of physical injury to another" – has become known as the residual clause. In *Johnson*, the Supreme Court held that this clause violates due process because it is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557.

Petitioner was not convicted under the ACCA. Rather, his plea agreement stated that he was a career offender for sentencing purposes because he had at least two prior convictions for violent crimes. The Sentencing Guidelines defines "crimes of violence" using essentially the same language that the ACCA uses to define "violent felonies," and the Seventh Circuit therefore interprets the two terms the same way. *U.S. v. Templeton*, 543 F.3d 378, 380 (7th Cir. 2008). For this reason, Petitioner argues that his sentence was determined through reliance on a definition that the Supreme Court held was unconstitutionally vague. (*See* Doc. 1 at 7-9). Therefore, he believes he should be resentenced.

## DISCUSSION

The Court, in its discretion, applies the Rules Governing Section 2254 Cases in the United States District Courts to this case. *See* Rules Governing Section 2254 Cases in the United States District Courts, R 1(b).[1] This includes Rule 4, which requires that the Court "promptly examine" the Petition, and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief." Pursuant to Rule 4 of the

---

[1] *See also Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996) (holding Rule 4 takes precedence over the deadlines in 28 U.S.C. § 2243 and gives court discretion to set deadlines).

Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the Petition and concludes that Petitioner's § 2241 claim is not cognizable.

Federal prisoners like Petitioner who wish to collaterally attack their convictions or sentences ordinarily must do so under 28 U.S.C. § 2255. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). They may petition under 28 U.S.C. § 2241 only in the rare circumstance in which the remedy provided under § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (which is often referred to as "the Savings Clause"). In *In re Davenport*, 147 F.3d 605 (7th Cir. 2008), the Seventh Circuit articulated three conditions that a petitioner must meet in order to invoke the Savings Clause on the basis of a change in law. *Id.* at 610-612. These conditions were recently summarized in *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013), another case in which a petitioner brought a § 2241 petition based upon a Supreme Court decision interpreting the residual clause of the ACCA. First, a prisoner "must show that he relies on a statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Id.* at 586 (citations omitted)(internal quotation marks omitted).

Here, Petitioner stumbles on the first requirement. Certain previous Supreme Court decisions limiting the reach of the ACCA's residual clause were statutory in nature. For example, in *Begay v. United States*, 553 U.S. 137 (2008),

4

the Supreme Court interpreted the ACCA's residual clause and concluded that driving under the influence of alcohol does not constitute a violent felony. *Id.* at 144-45. The Seventh Circuit later held that prisoners challenging their convictions based on *Begay* could do so in part because *Begay* was a statutory-interpretation case (rather than a constitutional case), and § 2255 provides no remedy for second or successive petitions based on new rules of statutory law. *See Caraway*, 719 F.3d at 586-87; *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *see also* 28 U.S.C. 2255(h)(2). However, Petitioner bases his challenge on the Supreme Court's recent decision in *Johnson*, which (unlike *Begay*) announced a new constitutional rule: "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563; *see also Price v. United States*, No. 15-2427, 2015 WL 4621024, at *1 (7th Cir. Aug. 4, 2015)(holding that *Johnson* "announces a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions.").

Section 2255 provides a limited remedy – second or successive petitions are appropriate when the appropriate court of appeals certifies that it contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Because Petitioner relies upon a new rule of constitutional law, he must bring his challenge pursuant to § 2255 rather than § 2241.

Since Petitioner's claim is non-cognizable under § 2241, the Petition must be dismissed. Moreover, the Court notes that it could not hear a §2255 motion brought

by Petitioner. First, § 2255 motions must be brought in "the court which imposed the sentence," and this court did not impose Petitioner's sentence. *See* 28 U.S.C. § 2255(a). Second, under § 2255(h), second or successive motions must first be certified by appropriate the court of appeals, and Petitioner has made no showing that he has sought or obtained the requisite certification from the Seventh Circuit. *See Price*, 2015 WL 4621024, at *3 (authorizing a second or successive petition based on *Johnson*). Until Petitioner obtains such authorization, any district court would lack jurisdiction to hear a § 2255 motion. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007).

## Conclusion

For these reasons, the Court finds Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2241. Thus, Petitioner's Petition is DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. IT IS SO ORDERED.

CASE TERMINATED.


Entered this 5th day of August, 2015.

                                          s/ Joe B. McDade
                                          JOE BILLY McDADE
                                          United States Senior District Judge